UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISTOPHER LACCINOLE,    )<br>     Plaintiff,            )<br>                          )<br>v.                        )<br>                          )<br>EXPERIAN INFORMATION      )<br>SOLUTIONS, INC.,          )<br>     Defendant.           )<br>                          ) | C. A. No. 15-337-M-LDA |

## ORDER

Christopher Laccinole, a plaintiff in 25 cases in this district in the last four years,[1] filed the instant complaint alleging that Experian "engaged in harassing, abusive, and prohibited conduct while attempting to collect an alleged debt" in Violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), and the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-14.9, et seq. Mr. Laccinole seeks statutory damages, actual damages, costs, and attorney's fees. ECF No. 1-1 at 2. He immediately thereafter filed a Motion to Compel Arbitration of this dispute (ECF No. 3), which the Court granted as unopposed.

---

[1] The First Circuit, in a case arising from one of Mr. Laccinole's filing with this court, stated that he "has come perilously close to the border [of pursing a frivolous and vexatious appeal]." *Laccinole v. Twin Oaks Software Development, Inc.*, No. 14-1705 (1st Cir. Apr. 27, 2015).

Mr. Laccinole then filed his Demand for Arbitration with the American Arbitration Association ("AAA"). His Demand alleged violations of the FCRA and the Rhode Island Deceptive Trade Practices Act ("DTPA") against Experian based on a "soft" inquiry by IC Systems, Inc., a debt collector attempting to collect a debt.

On November 1, 2016, Experian, pursuant to the AAA's rules and the Arbitrator's scheduling order permitting the filing of dispositive motions, filed a motion for summary adjudication on all claims alleged by Mr. Laccinole against Experian. Experian submitted evidence demonstrating that Mr. Laccinole's claims failed for four independent reasons: (1) none of the FCRA provisions relevant to Mr. Laccinole's allegations regarding "soft" inquiries are actionable under the law; (2) even if such allegations give rise to an FCRA claim, the FCRA claim fails because the factual record demonstrates that Experian's reporting was accurate as a matter of law; (3) Mr. Laccinole's claims fail because he cannot demonstrate the soft inquiry caused him any harm or damages; and (4) Mr. Laccinole's claims under the DTPA, which are predicated on his rights under the FCRA, fail for the same reason as his FCRA claim.

After a full round of briefing, the Arbitrator issued his award, granting Experian's motion for summary adjudication in its entirety, declaring Experian the prevailing party in this matter, awarding Mr. Laccinole no damages, and denying Mr. Laccinole's claim in its entirety.

An arbitration award must be enforced upon application; any other conclusion "amounts to 'fighting the text'" of the Federal Arbitration Act. *FleetBoston Fin. Corp.*

*v. Alt.*, 638 F.3d 70, 78 n. 8 (1st Cir. 2011). Indeed, a court may only vacate an arbitration award under limited circumstances, such as where: "the award was procured by corruption, fraud, or undue means," "there was evident partiality or corruption in the arbitrators, or either of them," "there was a manifest disregard for the law," "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced," or "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

There is no evidence before this Court that Mr. Laccinole has carried his burden of establishing any of these factors that would cause a reviewing court to overturn an arbitrator's award. Summary disposition of an arbitral matter, pursuant to the American Arbitration Association rules, does not support an assertion of corruption, fraud, misconduct, prejudice, manifest disregard for the law, or any other misbehavior requiring a court to second-guess an arbitration award.

Experian's Motion to Confirm the Arbitration Award (ECF No. 15) is GRANTED, and Mr. Laccinole's Motion to Vacate the Arbitration Award (ECF No. 18) is DENIED. This matter is DISMISSED with prejudice.

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
United States District Judge

February 10, 2017